# EXHIBIT A

Hearing Date: 4/24/2023 10:00 AM
Location: Richard J Daley Center
Judge: Wilson, Thaddeus L

Case: 1:23-cv-00685 Document #: 12-4 Filed: 02/03/23 Page 2 of 15 PageID #:18

FILED
12/22/2022 10:18 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH12303
Calendar, 1
20779714

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| LISA JOHNSON, on behalf of herself and other individuals similarly situated, known and unknown, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. **2022CH12303** |
| v. | ) ) | |
| AMAZON.COM SERVICES, LLC, | ) ) | |
| *Defendant.* | ) | |

**COMPLAINT**

Plaintiff Lisa Johnson, on behalf of herself and other individuals similarly situated, known

and unknown, for her Complaint against Defendant Amazon.com Services, LLC ("Defendant" or

"Amazon") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This is a class action lawsuit brought by Plaintiff to recover unpaid wages, penalties,

and attorneys' fees and costs. Defendant implemented an illegal policy requiring its hourly

employees to undergo a COVID-19 screening on each shift without pay. The time employees were

required to spend in this physical and medical examination, on Amazon's premises, is compensable

work time under Illinois law. By failing to pay for this time worked, Amazon violated Illinois law.

2.      Amazon's failure to pay for all hours worked by its Illinois employees, and its failure

to pay all earned overtime wages to its Illinois employees, violates the Illinois Minimum Wage

Law, 820 ILCS § 105/1 *et seq*., and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1

*et seq.*

1

## JURISDICTION

3. Jurisdiction in this court is proper pursuant to 735 ILCS 5/2-209(a)(1) because Defendant committed the at-issue violations of the IMWL and IWPCA in Illinois, and pursuant to 735 ILCS 5/2-209(b)(4) because Defendant conducts and transacts business from within the State of Illinois.

## VENUE

4. Venue is proper in this judicial district pursuant to 735 ILCS 5/2-101 because Plaintiff and other members of the Class performed work for Defendant within Cook County, Illinois, a substantial number of the acts complained herein occurred within Cook County, Illinois and Defendant has maintained offices and transacted business at all relevant times herein within Cook County, Illinois.

## THE PARTIES

5. Plaintiff Lisa Johnson is an individual residing in Chicago, Illinois. At all relevant times, Plaintiff has been domiciled in and is a resident of the State of Illinois.

6. The "Class Members," as further defined below, are all current and former hourly paid employees of Amazon who underwent a COVID-19 screening during at least one week in Illinois in the three-year period before the filing of this Complaint until final resolution of this Action.

7. Defendant Amazon.com Services, LLC is a Delaware limited liability company with its principal place of business located in Seattle, Washington. Defendant can be served with process by serving its registered agent the Illinois Corporation Service Company at 801 Adlai Stevenson Drive, Springfield, IL 62703.

8. At all material times, Amazon was and is legally responsible for the unlawful

2

FILED DATE: 12/22/2022 10:18 AM   2022CH12303

conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and Class Members. *See* Illinois Minimum Wage Law, 820 ILCS § 105/3(c); Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*

9.      At all material times, Plaintiff and Class Members were employees of Amazon within the meaning of the Illinois Minimum Wage Law and the Illinois Wage Payment and Collection Act. 820 ILCS § 105/3.

## FACTUAL BACKGROUND

10.      The Coronavirus has infected nearly 100 million Americans and caused the death of nearly one million Americans. (*See* https://coronavirus.jhu.edu/us-map, last visited October 25, 2022).[1] Following the outbreak of the Coronavirus, Amazon implemented a company-wide policy requiring each of its hourly, non-exempt employees to undergo a physical and medical examination to check for symptoms of the Coronavirus each shift. This examination was imposed by Amazon as a requirement to work each shift. The examination was conducted on the premises of Amazon, was required by Amazon, and was necessary for each employee to perform their work for Amazon. Unfortunately, Amazon refused to pay for this time. Amazon's conduct violates Illinois law.

11.      Amazon operates fulfillment centers and distribution centers in Illinois and across the country. These Amazon facilities are large warehouses that normally operate 24 hours per day. These Amazon facilities are the warehouses where Amazon stores the packages that are delivered to customers. Upon information and belief, Amazon employs more than 20,000 workers in Illinois at distribution centers and fulfillment centers throughout the state.

---

[1]    In Illinois, the Coronavirus has infected nearly four million Illinois residents, and has resulted in approximately 40,000 confirmed deaths. (*See* https://coronavirus.jhu.edu/region/us/illinois, last visited December 16, 2022).

12.     Plaintiff worked for Amazon as an hourly, non-exempt employee at the Amazon delivery center located within Chicago, Illinois. She was employed by Amazon from approximately January 2019 to May 2021.

13.     Plaintiff worked for Defendant as an order picker and packer. Her job duties included moving boxes, stacking packages, and loading boxes.

14.     Plaintiff primarily worked a schedule from Monday to Friday between 10:00 p.m. to 6:00 a.m. or 11:00 p.m. to 7:00 a.m. On occasion, Plaintiff also worked on Saturdays or Sundays. In one or more individual work weeks during her employment,  Plaintiff worked 40 hours or more than 40 hours.

15.     Plaintiff worked with hundreds of other Amazon workers at the Chicago fulfillment center locations.

## PLAINTIFF AND OTHER CLASS MEMBERS WERE NOT PAID FOR ALL WORK TIME

16.     In Illinois, Amazon required its employees to arrive at its fulfillment centers and distribution centers prior to the start of their scheduled shifts to undergo a physical and medical examination to screen for symptoms of COVID-19. However, when Amazon employees first arrived to work, they were not allowed to clock in for the day until after they passed the COVID-19 examination.

17.     Because Illinois Amazon hourly employees did not clock in until after completing the COVID-19 screenings, Illinois Amazon employees were not paid for the time spent in the COVID-19 screening.

18.     Prior to the start of their shifts, Illinois Amazon hourly employees were required to form a line at the entrance to the facility and to stand six feet apart.  Illinois Amazon hourly

4

employees were then called one-by-one to a checkpoint where the COVID-19 screening took place. Each employee whose shift was set to begin was required to undergo a temperature check and to answer questions about his/her health. If the employee passed the examination, he/she was then given a mask to wear. After putting on the mask, the employee then walked to the next station, which was normally hundreds of feet away, where Amazon allowed the employee to clock-in for the day.

19. The amount of time it takes to wait in line, undergo the COVID-19 examination, and walk to the time clocks was approximately 10 minutes to 15 minutes on average. This amount of time could be longer depending on the number of other Illinois Amazon hourly employees in line for the COVID-19 screening and waiting at the time clocks.

20. Plaintiff was one of the Illinois Amazon hourly employees required to undergo a physical and medical examination to screen for symptoms of COVID-19 *before* clocking in each day.

21. Amazon did not pay Plaintiff for the time she spent undergoing the COVID-19 screening.

22. Amazon likewise required its other hourly Illinois employees to undergo a daily COVID-19 screening and likewise did not pay those employees for the time they spent undergoing the COVID-19 screenings.

23. Plaintiff knows and is aware that other Amazon facilities in Illinois have COVID-19 screening procedures because there were multiple notices posted around the facility indicating that COVID-19 screenings and prevention practices were being instituted across Amazon facilities at a corporate level.

24. This COVID-19 screening should have been paid by Amazon because it constitutes

5

compensable time worked.

25.     The COVID-19 screenings were required by Amazon and took place on Amazon premises.

26.     During COVID-19 screenings, Plaintiff and Class Members were subject to Amazon's control.

27.     Plaintiff and Class Members were required to follow Amazon's instructions while waiting, during the COVID-19 screening, and before clocking-in for the day. Amazon required every employee to complete the COVID-19 screening and it was not optional. Indeed, the COVID-19 screening was required by Amazon and its employees were required to comply under threat of discipline, including possible termination.

28.     Additionally, Plaintiff and Class Members were confined to the premises of Amazon when they waited for the examinations and during the examinations.

29.     Moreover, Amazon compelled its employees to perform specific tasks during the examinations. They were required to answer questions, submit to have their temperature taken, and wear masks.

30.     In other words, Amazon directed, commanded, and restrained its employees during the COVID-19 examinations; prevented them from using that time effectively for their own purposes; and they remained subject to Amazon's control during the examinations and before clocking in.

31.     Amazon required Plaintiff and the Class Members to clock in on time *after* completing the COVID-19 screening.  If they clocked in late, they would be disciplined.  Further, after completing the COVID-19 screening, the Plaintiff and Class Members were confined to the premises of Amazon and were instructed to walk to the time clocks to clock in.

6

32.     Amazon directed, commanded, and restrained its employees during and after the COVID-19 examinations; prevented them from using that time effectively for their own purposes; and they remained subject to Amazon's control.

33.     The COVID-19 screenings were necessary to ensure a safe workplace. The COVID-19 examinations were also undertaken on Amazon's premises, were controlled and required by Amazon, and undertaken primarily for the benefit of Amazon.

34.     Under Illinois law, "hours worked" includes "all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time he or she is required or permitted to work for the employer." 56 Ill. Admin. Code § 210.110.

35.     Amazon's requirement for its employees to complete a COVID-19 screening prior to clocking in each shift constitutes "hours worked" under Illinois law. *See Boone v. Amazon*, 562 F.Supp.3d 1103 (E.D. Cal. 2022) (holding that time spent completing COVID-19 screenings is compensable under similar California state law).

36.     In light of Amazon's conduct in not compensating Plaintiff and Class Members for required COVID-19 screenings, Plaintiff and Class Members are owed significant unpaid wages and penalties.

**CLASS ACTION ALLEGATIONS**

37.     Plaintiff brings this action as a class action pursuant to 735 ILCS 5/2-801 on behalf of the Illinois Class, which is comprised of:

> **All current and former hourly paid employees of Amazon who underwent a COVID-19 screening during at least one week in Illinois in the three-year period before the filing of this Complaint to final resolution of this Action ("Class Members").**

38.     Plaintiff and Class Members are not exempt from the IMWL or IWPCA.

7

39. Defendant agreed to pay Plaintiff and Class Members an hourly rate of pay for all time worked.

40. Under the IWPCA, Plaintiff and Class Members are entitled to be paid their agreed upon hourly rate for all time they work in individual work weeks

41. Under the IMWL, Plaintiff and Class Members who work more than forty (40) hours in an individual work week are entitled to overtime pay.

42. Plaintiff and the Class Members are similar to one another because they were all subject to the same allegedly illegal practices: being required to undergo a required COVID-19 screening on Amazon's premises without compensation.

43. The Class includes more than 100 members.

44. As a result, the Class is so numerous that joining all Class Members in one lawsuit is not practical.

45. As a result of Amazon's company-wide policies, Plaintiff and Class Members were not paid for all time worked each day and all overtime earned in individual work weeks and are owed significant unpaid wages.

46. The issues involved in this lawsuit present common questions of law and fact, including:

    a. Whether Plaintiff and the Class Members are entitled to compensation under the IMWL and IWPCA for the time spent in the COVID-19 screenings;

    b. The amount of time spent in the COVID-19 screenings;

    c. Whether Plaintiff and the Class Members worked time in individual work weeks spent in COVID-19 screenings that was not compensated;

    d. Whether Plaintiff and the Class Members worked more than forty (40) hours in a

8

workweek;

e. Whether Amazon failed to pay Plaintiff and the Class Members wages for all overtime hours worked; and

f. The proper measure of damages sustained by Plaintiff and the Class Members.

47. These common questions of law and fact predominate over the variations that may exist between Plaintiff and members of the Class, if any.

48. Plaintiff, the Class Members, and Defendant have a commonality of interest in the subject matter of the lawsuit and the remedy sought.

49. If individual actions were required to be brought by each Class Member injured or affected, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendant.

50. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

51. Plaintiff and their counsel will fairly and adequately protect the interests of the Class.

52. Plaintiff retained counsel experienced in complex class action litigation.

53. The identities of the Class Members are readily identifiable from Amazon's records.

## COUNT I
### Violation of the Illinois Minimum Wage Law

Plaintiff hereby incorporates and realleges the foregoing paragraphs as though set forth herein.

54. The IMWL entitles covered employees to overtime compensation of not less than one and one-half (11/2) times the employee's regular rate of pay for all hours worked in excess of forty (40) in one workweek. *See* 820 Ill. Comp. Stat § 105/4a(1).

9

55.     Defendant is subject to the IMWL's overtime requirements because Defendant is an employer under 820 Ill. Comp. Stat § 105/3(c).

56.     During all relevant times, Plaintiff and the Class Members were covered employees entitled to the above-described IMWL protections. *See* 820 Ill. Comp. Stat. § 105/3(d).

57.     Plaintiff and the Class Members are not exempt from the IMWL.

58.     Plaintiff and the Class Members routinely worked in excess of 40 hours per week.

59.     As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the IMWL. *See* 820 ILCS § 115/1 et seq.

60.     Defendant knowingly failed to compensate Plaintiff and the Class Members for all hours worked and hours worked in excess of forty (40) hours in a workweek, in violation of the IMWL.

61.     Pursuant to 820 Ill. Comp. Stat. § 105/12(a), Defendant is liable to Plaintiff and Class members for, inter alia, unpaid wages for three years prior to the filing of the lawsuit, treble damages, punitive damages in the amount of five percent (5%) per month of the amount of underpayment, and reasonable attorneys' fees and costs.

### Count II
### Violation of the Illinois Wage Payment and Collection Act

Plaintiff hereby incorporates and realleges the foregoing paragraphs as though set forth herein.

62.     The IWCPA requires employers to pay employees within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate. *See* 820 Ill. Comp. Stat. § 115/4.

10

63.     If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of five percent (5%) of each underpayment compounded monthly, plus costs and reasonable attorneys' fees. *See* 820 Ill. Comp. Stat. § 115/14.

64.     Pursuant to 735 Ill. Comp. Stat. § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

65.     Plaintiff and the Class Members are employees for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

66.     Defendant is an employer for purposes of the IWPCA. *See* 820 Ill. Comp. Stat. § 115/2.

67.     Defendant's actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiff and the Class Members for hours worked in excess of 40 in a week at one-and-one-half times their regular rate.

68.     As a direct and proximate result of this practice, Plaintiff and the Class Members have suffered loss of income and other damages to be determined at trial.

69.     As such, Defendant is liable to Plaintiff and Class Members for all unpaid hourly wages, damages in the amount of five percent (5%) per month of the amount of the underpayment, and reasonable attorneys' fees and costs. *See* 820 Ill. Comp. Stat. § 115/14

## JURY DEMAND

70.     Plaintiff hereby demands trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of all Class Members, prays that the Court:

1.     Certify that this action may proceed as a class action;

11

FILED DATE: 12/22/2022 10:18 AM    2022CH12303

2.     Appoint Plaintiff as Representative of the Class, and appoint her counsel as Class Counsel;

3.     Find and declare that Amazon's policies and/or practices described above violate Illinois laws;

4.     Award all unpaid wages, liquidated damages, penalties, interest, and/or restitution to be paid by Amazon for the causes of action alleged herein;

5.     Award costs, and expenses, including reasonable attorneys' fees and expert fees;

6.     Award pre-judgment and post-judgment interest, as provided by law; and

7.     Order such other and further legal and equitable relief the Court deems just, necessary and proper.

Respectfully submitted,

**Dated:** December 22, 2022

s/Douglas M. Werman
Douglas M. Werman
Maureen A. Salas
**WERMAN SALAS P.C.** (#42031)
77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Tel: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

Don J. Foty (*pro hac vice forthcoming*)
Bar No. 24050022
**HODGES & FOTY, LLP**
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Tel: (713) 523-0001
dfoty@hftrialfirm.com

12

Hearing Date: No hearing scheduled — 12-Person Jury
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED
12/22/2022 11:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH12303
Calendar, 1
20781937

**Appearance and Jury Demand \***  (12/01/20) CCG 0009

FILED DATE: 12/22/2022 11:00 AM   2022CH12303

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
_____ COUNTY _____ DEPARTMENT/__1st__ DISTRICT

Lisa Johnson

Plaintiff

v.

Amazon.com Services, LLC

Defendant

Case No. 2022CH12303

Claimed \$: _____

Return Date: _____ Time: 10:00am

Court Date: 4/24/23 Room No.: 2307

Address of Court District for Filing

### APPEARANCE AND JURY DEMAND \*

☑ General Appearance   ☐ 0900 - Fee Paid   ☐ 0904 - Fee Waived
☐ 0908 - Trial Lawyers Appearance - No Fee
☑ Jury Demand \*   ☑ 1900 - Appearance and Jury Demand/Fee Paid   ☑ Twelve-person Jury
☐ 1904 - Appearance and Jury Demand/No Fee Paid   ☐ Six-person Jury

The undersigned enters the appearance of:  ⦿ Plaintiff  ◯ Defendant

Litigant's Name: Lisa Johnson

Signature: /s/ /s/Douglas M. Werman; /s/Maureen A. Salas

☑ Initial Counsel of Record   ☐ Pro Se (Self-represented)   ☐ 2810 Rule 707 Out-of-State Counsel (pro hac vice)

☐ Additional Appearance   ☐ Substitute Appearance

⦿ Atty. No.: 42031   ◯ Pro Se 99500

Name: Werman Salas P.C.
Atty. for (if applicable):
Plaintiff, Lisa Johnson

Address: 77 W. Washington St., Suite 1402

City: Chicago

State: IL   Zip: 60602   Phone: (312)419-1008

Primary Email: dwerman@flsalaw.com / msalas@flsalaw.com

**IMPORTANT**

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ Douglas M. Werman; /s/Maureen A. Salas

Attorney for ⦿ Plaintiff ◯ Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**
Page 1 of 1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 1

FILED
12/22/2022 11:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH12303
Calendar, 1
20781937

**Chancery Division Civil Cover Sheet**
**General Chancery Section**

(02/19/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

LISA JOHNSON

Plaintiff

v.

AMAZON.COM SERVICES, LLC

Defendant

Case No: 2022CH12303

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 ☐ Administrative Review | 0017 | ☐ Mandamus |
| 0001 ☑ Class Action | 0018 | ☐ Ne Exeat |
| 0002 ☐ Declaratory Judgment | 0019 | ☐ Partition |
| 0004 ☐ Injunction | 0020 | ☐ Quiet Title |
| | 0021 | ☐ Quo Warranto |
| 0007 ☐ General Chancery | 0022 | ☐ Redemption Rights |
| 0010 ☐ Accounting | 0023 | ☐ Reformation of a Contract |
| 0011 ☐ Arbitration | 0024 | ☐ Rescission of a Contract |
| 0012 ☐ Certiorari | 0025 | ☐ Specific Performance |
| 0013 ☐ Dissolution of Corporation | 0026 | ☐ Trust Construction |
| 0014 ☐ Dissolution of Partnership | 0050 | ☐ Internet Take Down Action (Compromising Images) |
| 0015 ☐ Equitable Lien | | |
| 0016 ☐ Interpleader | | ☐ Other (specify) _____ |

◉ Atty. No.: 42031      ◯ Pro Se 99500

Atty Name: Douglas M. Werman

Atty. for: Plaintiff, Lisa Johnson

Address: 77 W. Washington St., Ste 1402

City: Chicago      State: IL

Zip: 60602

Telephone: (312)419-1008

Primary Email: dwerman@flsalaw.com; ecf@flsalaw.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1